IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-15-126-5-C |
| | ) | |
| CURTIS ALLEN ANTHONY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking early compassionate release. In support, Defendant points to his medical conditions – Type-2 diabetes, chronic obstructive pulmonary disease, asthma, and hypertension. Defendant argues these conditions increase his risk of complication should he contract COVID-19. Plaintiff has filed a Response to the Motion and the matter is now at issue.

18 U.S.C. § 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief: (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors. As Plaintiff notes, Defendant has met the required step of exhausting administrative remedies. Section 3582(c)(1)(A) requires an individual seeking relief to first file a request with the warden at the facility of incarceration. If that request is denied or deemed denied, then and only then may relief be sought in court. Here, Defendant requested relief from the warden at his facility and then waited more than 30 days for a response prior to seeking relief from the Court. Plaintiff also concedes, and the Court

agrees, that Defendant's medical conditions demonstrate extraordinary and compelling reasons for early release.

However, as Plaintiff notes, consideration of the 18 U.S.C. § 3553(a) factors do not support early release. In particular, 18 U.S.C. § 3553(a)(2)(A) states: "the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" When considering this factor, the Court finds that the nature of Defendant's criminal conduct leading to his incarceration does not demonstrate that early release is warranted. While Defendant's role in the criminal enterprise may have been minimal, the nature of the crimes he committed and his actions when committing those crimes warrant a sentence of substantial length. Indeed, Congress imposed a statutory minimum sentence of 120 months for the crime. The Court finds that serving slightly more than three years of the sentence imposed is insufficient to reflect the seriousness of the offense and/or to provide adequate punishment for the offense.

For the reasons set forth herein, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) (Dkt. No. 508) is DENIED.

IT IS SO ORDERED this 29th day of October, 2020.

ROBIN J. CAUTHRON
United States District Judge