IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case Number CR-15-126-C |
| ) | |
| CURTIS ALLEN ANTHONY,    ) | |
| ) | |
| Defendant.    ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant was convicted of child sex trafficking and conspiracy to commit child sex trafficking in violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c) and 1594(c). Following briefing, the Court imposed restitution against Defendant in favor of victim R.W. in the amount of $327,013.50, and victim M.M. in the amount of $308,233.50. Defendant appealed the restitution award arguing "(i) that it impermissibly compensates harms that R.W. suffered from an earlier, unrelated sex-trafficking criminal enterprise run by a different wrongdoer; and (ii) that, for his conspiracy count, it compensates R.W.'s and M.M.'s harms beyond a smaller conspiracy proved at trial (a subset of the broad, charged conspiracy)." United States v. Anthony, 942 F.3d 955, 959–60 (10th Cir. 2019). The Circuit Court agreed with both arguments but found that Defendant had failed to establish plain error as to the second argument.[1] The Circuit then remanded to this Court for a determination of the amount of restitution. Both parties have filed briefs on remand and

---

[1] As a result of this determination, only the restitution award for R.W. was reversed. Id.

Plaintiff has offered an expert report seeking to isolate the harm caused by Anthony. The matter is now at issue.

The Circuit based its reversal on the Court's failure to determine the loss attributable to Anthony's conduct, rather than losses that may have occurred due to other trafficking of the victim. Restitution may be ordered only for losses actually resulting from the offense of conviction. United States v. West, 646 F.3d 745, 751 (10th Cir. 2011). Thus, the Court's first step must be a determination of whether the victim's losses result from the offense of conviction. See United States v. Zander, 794 F.3d 1220, 1233 (10th Cir. 2015). As the Circuit noted, Defendant can only be accountable for losses his conduct has directly and proximately caused. Anthony, 942 F.3d at 966. The government bears the burden of proving the amount of loss by a preponderance of the evidence. United States v. Galloway, 509 F.3d 1246, 1253 (10th Cir. 2007). On this point, the Tenth Circuit made Plaintiff's burden clear: "[o]n remand, the government must prove that Anthony's acts justify the requested restitution award." Anthony, 942 F.3d 968-69.

As noted, Plaintiff offers the expert report of Dr. David Missar, a clinical psychologist who evaluated R.W. in person in January of 2020. Plaintiff argues that following that evaluation, Dr. Missar prepared a report which purports to isolate the harm suffered by R.W. as a result of Defendant's actions. Defendant disagrees, arguing Dr. Missar fails to distinguish the harm R.W. suffered due to Defendant's actions from the harm she suffered from prior trauma in her life. The Court finds Defendant's arguments well supported. Dr. Missar's report states that R.W. "will require specific therapy to

2

address the trauma that she suffered during the abuse she endured from her step-grandfather, Mr. William Johnson, Mr. Maurice Johnson, Ms. Gum, Mr. Duong, Mr. Baker, and Mr. Anthony." Dkt. No. 488, Ex. 2, p. 13. Dr. Missar goes on to state: "Each individual who abused [R.W.] caused and created psychological harm and trauma to [R.W.], in my opinion." Id. at 14. Dr. Missar then states that R.W. needs $543,000 in therapy over the course of her lifetime to address the trauma she has suffered. Id. at 15. However, without explanation or analysis, Dr. Missar states: "She would need identical treatment for Mr. Anthony's offenses, in my opinion, even if she had sustained no prior traumas." Id. at 14. Dr. Missar also notes that R.W.'s cognitive testing placed her at generally "the 6th grade level, several years below even where she left school, suggesting she was not learning a great deal even before that time." Id. at 12. Dr. Missar then assigns as damage, purportedly solely attributable to Mr. Anthony, $10,000 in tutoring costs and $300,000 in lost wages. Id. at 15. The wages are premised on the difference between R.W. having a high school diploma compared to some college work. Id. However, Dr. Missar offers no explanation or analysis connecting these losses to R.W.'s encounter with Defendant.

      The Court finds the analytical gap in Dr. Missar's conclusions too great. As the Tenth Circuit has noted in another context, "the *ipse dixit* of an expert, no matter how qualified he may be, is never enough to guarantee him a ticket to admissibility." Graves v. Mazda Motor Corp., 405 F. App'x 296, 300 (10th Cir. 2010). Here, the Court holds that Plaintiff has failed its burden of demonstrating that the losses of R.W. as set forth by

3

Dr. Missar result from the offense of conviction. In the absence of any other evidence from Plaintiff establishing measurable loss, no restitution can be awarded. Plaintiff has failed to "prove that Anthony's acts justify the requested restitution award." Anthony, 942 F.3d 968-69.

Plaintiff argues that the D.C. Circuit found language identical to that used by Dr. Missar here to be adequate to support an award of restitution. See In re Sealed Case, 702 F.3d 59, 67 (D.C. Cir. 2012). However, the Tenth Circuit stated that case failed to apply the proper standard in connecting Defendant's conduct to R.W.'s harms. As the Tenth Circuit noted, In re Sealed Case applied a "sufficient cause" test which is improper in this case. Anthony, 942 F.3d at 969. Moreover, as noted above, the Court here finds Dr. Missar's conclusions lack adequate analytical support to be sufficient to establish that Defendant's conduct led to the full extent of harm Dr. Missar assigns. Thus, "the government [has not] offered evidence that Anthony's convicted conduct caused all of R.W.'s harms." Id.

The Court notes that Defendant requested an evidentiary hearing, and that Plaintiff did not. After considering the evidence, the Court has determined an evidentiary hearing is not warranted. As noted above, Dr. Missar was clear in his analysis and the opinions he offered. Were he to appear before the Court and amend them to attribute specific loss more clearly to Defendant's conduct, he would lack sufficient credibility to be persuasive.

As set forth more fully herein, based on the evidence presented by Plaintiff, no restitution can be calculated in a manner consistent with the Tenth Circuit's instructions.

Accordingly, Plaintiff's Amended Second Motion for Restitution (Dkt. No. 489) is DENIED.  An Amended Judgment will issue.

    IT IS SO ORDERED this 3rd day of November, 2020.

*[Signature]*
ROBIN J. CAUTHRON
United States District Judge